IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the September 14, 2013 "The One": Floyd Mayweather, Jr. v. Saul Alvarez WBC Middleweight Championship Fight Program,<br><br>**Plaintiff,**<br><br>v.<br><br>**JESUS FAVELA**, individually and d/b/a TIO'S SPORT BAR a/k/a TIO'S SPORTS BAR,<br><br>**Defendant**. | § § § § § § § § § § § § § § § § § § | Civil Action No. 3:16-CV-2106-L |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment, filed February 6, 2017 (Doc. 9). After careful consideration of the motion, brief, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

**I.    Background**

On July 20, 2016, J&J Sports Productions, Inc. ("J&J Sports" or "Plaintiff") filed Plaintiff's Original Complaint ("Complaint") against Jesus Favela, individually and d/b/a Tio's Sports Bar ("Favela" or "Defendant") (Doc. 1). J&J Sports sues Favela in this action for violation of the Communications Act of 1934, 47 U.S.C. §§ 553 and 605 (the "Act"). J&J Sports is the license company exclusively authorized to sublicense the closed-circuit telecast of the September 14, 2013 "The One": Floyd Mayweather, Jr. v. Saul Alvarez WBC Middleweight Championship Fight

**Memorandum Opinion and Order – Page 1**

Program, including undercard or preliminary bouts (collectively the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas. Pl.'s Orig. Compl. 2. J&J Sports contends that on September 14, 2013, Favela illegally intercepted the closed-circuit telecast of the Event without its permission at Tio's Sports Bar and did not pay the required licensing fee. *Id.* at 2.

Favela was properly served on October 12, 2016 (Doc. 6), and has not filed an answer to the Complaint or otherwise defended this lawsuit. J&J Sports requested the clerk to issue entry of default on February 6, 2017, and default was entered by the clerk on February 6, 2017 (Doc. 11). J&J Sports now requests entry of default judgment against Favela for statutory and additional damages. J&J Sports further requests reasonable attorney's fees and costs.

J&J Sports was the exclusive licensee through a licensing agreement, and Favela did not have authorization from J&J Sports to show the Event at his establishment. J&J Sports possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event. As such, J&J Sports was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with J&J Sports. No agreement between J&J Sports and Favela existed that would have allowed Favela to broadcast the Event to patrons at Favela's establishment. On September 14, 2013, Defendant intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Favela's establishment. J&J Sports' auditor observed the Event being telecast on eight televisions to approximately 160 patrons at Favela's establishment.

## II. Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Favela.

Favela, by failing to answer or otherwise respond to J&J Sports' Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of J&J Sports' Original Complaint, which the court accepts as true, and the record in this action, the court determines that Favela is in default.

Further, based upon the record, evidence, and applicable law, the court concludes that Favela violated 17 U.S.C. § 605,* that J&J Sports is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Favela statutory violation. Accordingly, the court determines that Favela is liable to J&J Sports in the amount of $10,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). Further, because the record reflects that Favela's actions were willful and for the purpose of direct or indirect commercial advantage or private financial gain, the court determines that Favela is liable to J&J Sports in the amount of $50,000 in damages for willful acts under 47 U.S.C. § 605(e)(3)(C)(ii). Moreover, the court

---

* Favela's transmission of the event occurred via satellite radio; therefore, the court determines that his conduct is in violation of § 605. *See J&J Sports Productions, Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 352-354 (5th Cir. 2014) (holding that § 605(a) governs the interception of radio transmissions but not cable, and § 553(a) governs the interception of cable transmissions but not radio).

**Memorandum Opinion and Order – Page 3**

determines that such damages are necessary to deter Favela and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that J&J Sports is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and believes that a blended hourly rate of $250 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $250 is certainly reasonable under the circumstances of this case. The court has awarded this hourly rate in prior cases handled by Mr. Diaz. Accordingly, the court awards J&J Sports $1,000 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees are speculative and unknown. If additional hours are expended postjudgment, J&J Sports will have an opportunity to seek such fees.

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Favela and in favor of J&J Sports in the total amount of **$61,000**, which consists of $10,000 as statutory damages; $50,000 additional statutory damages; and $1,000 as reasonable attorney's

fees. Postjudgment interest will accrue on the judgment at the applicable federal rate of **1.97%** from the date of its entry until it is paid in full.

    **It is so ordered** this 22nd day of February, 2018.

                                            Sam A. Lindsay
                                            United States District Judge